JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Seron Brooks appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.
In 2001, despite having moved to suppress statements made and evidence seized during his arrest, Brooks entered a guilty plea to having weapons while under a disability in violation of R.C2923.13(A)(3), along with one firearm specification, in exchange for the state's dismissal of one count of trafficking in cocaine, a major-drug-offender specification and the remaining firearm specifications. The trial court imposed a two-year prison term for the weapons-under-disability offense ("weapons offense") and a consecutive one-year prison term for the firearm specification. Five months later, Brooks moved to withdraw his guilty plea. The motion was supported by an affidavit in which Brooks claimed that he had entered the guilty plea on the bad advice of his counsel. Brooks claimed that his trial counsel, instead of recommending a guilty plea, should have advised him to pursue the motion to suppress, because the police had conducted an illegal search of his residence at the time of his arrest. The trial court denied the motion to withdraw.
In one assignment of error, Brooks now contends that the trial court abused its discretion when it denied his post-sentence motion to withdraw his guilty plea.
A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The determination whether the defendant has demonstrated a "manifest injustice" is committed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing that the trial court abused its discretion.[1] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[2]
Ineffective assistance of counsel has been considered a "manifest injustice" sufficient to allow the post-sentence withdrawal of a guilty plea.[3] To determine whether there was ineffective assistance of counsel upon the entry of the guilty plea in this case, Brooks must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's performance.[4]
Preliminarily, we note that there is no transcript of the plea or sentencing hearing in the record transmitted for our review. But the record does contain correspondence from trial counsel to Brooks stating that trial counsel had advised Brooks to forego the motion to suppress because the state had sufficient evidence to convict him of the weapons offense: Brooks had consented to a search of the apartment where he resided and had confessed to police officers that the gun found in the apartment was his. Trial counsel also stated in this letter that the state had insufficient evidence to support the trafficking-in-cocaine charge, which was why counsel refused to let Brooks plead guilty to that charge.
We cannot say that counsel's performance was deficient in this case or that his actions prejudiced Brooks, since Brooks could have potentially been sentenced to five years on the weapons charge, instead of to the two-year sentence that was actually imposed.[5] Further, the trafficking charge was dismissed, which carried a maximum prison term of ten years.[6]
Because the record does not demonstrate ineffective assistance of counsel, we cannot say that the trial court abused its discretion in denying Brooks's post-sentence motion to withdraw his guilty plea. The single assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] State v. Brown, 1st Dist. No. C-010755, 2002-Ohio-5813, at ¶ 13, jurisdictional motion overruled, 98 Ohio St.3d 1487,2003-Ohio-1189, 785 N.E.2d 471, citing State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
[3] State v. Dalton, 153 Ohio App.3d 286, 2003-Ohio-3813,793 N.E.2d 509, at ¶ 18.
[4] See Strickland v. Washington (1984), 466 U.S. 668,687-688, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
[5] See R.C. 2923.13(B) and (C); R.C. 2929.14(A)(3).
[6] R.C. 2929.14(A)(1).